

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1500 | **DATE** | 6/1/2004 |
| **CASE TITLE** | Ramon Cordero vs. Calvary SPV 1, LLC, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum, Defendants' Motion to Dismiss and to Strike Prayer for Damages [Doc. 6-1, 6-2] is denied in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 0 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | | | |
| jar(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMON CORDERO, ) | |
| MARIA CORDERO ) | |
| ) | No. 04 C 1500 |
| Plaintiffs, ) | |
| ) | HONORABLE DAVID H. COAR |
| v. ) | |
| ) | |
| CALVARY SPV I. LLC f/k/a MIDFIRST ) | |
| BANK, et al. ) | |
| Defendants. ) | |

DOCKETED JUN 03 2004

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on a Motion to Dismiss Count II and to Strike Prayer for Damages filed by Defendants Barrister Investigation & Filing Service, Inc., and Robert C. Siller. The motion is now fully briefed and ripe for a decision. For the reasons set forth below, Defendants' Motion is denied.

### I. FACTS

Plaintiffs Ramon and Maria Cordero filed a three-count Complaint in this Court on February 25, 2004. The Complaint named four defendants: Calvary SpVI. LLC, formerly known as Midfirst Bank ("Calvary"), Blitt & Gaines, Barrister Investigation & Filing Service, Inc., and Robert C. Siller. Defendants Barrister Investigation & Filing Service ("Barrister") and Robert C. Siller ("Siller") are only implicated in Count II of the Complaint.

The following facts are drawn from that Complaint and accepted as true for the purposes of this motion. Defendant Calvary filed a complaint in Illinois state court against Plaintiffs in an effort to collect a debt on January 31, 2002. Defendant Blitt & Gaines represented Calvary in

1

that proceeding. On or about May 1, 2002, Blitt & Gaines filed sworn affidavits of Defendant Siller in the state court action which represented that the Plaintiffs in this case had been served with a summons and the complaint in the state court case. On July 16, 2002, Calvary's motion for an ex parte judgment was granted and judgment was entered against the Plaintiffs in state court.

Siller's affidavit described Plaintiff Maria Cordero as a Hispanic female who was 5'1" tall and approximately 130 pounds. Plaintiff Cordero is actually 5'11" tall, of German-Irish heritage, with blonde hair and blue eyes. On November 15, 2002, the state court judgment was vacated. On March 26, 2003, Defendant Calvary, through Defendant Blitt & Gaines, instituted a wage garnishment against Plaintiff Ramon Cordero which resulted in the upholding of his wages.

Count I of the Complaint alleges that Defendants Calvary and Blitt & Gaines obtained the ex parte judgment and garnishment of wages in direct violation of the Fair Debt Collection Practices Act. Count II alleges that all four of the Defendants committed abuse of process, a tort that is recognized under Illinois State law. Count III alleges that Defendants Calvary and Blitt & Gaines committed the tort of conversion. Again, the motion presently before the Court implicates only Count II of the Complaint.

## II. STANDARD OF REVIEW

The Court accepts all well-pleaded allegations in the Complaint as true on a motion to dismiss for failure to state a claim. The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990) (citation omitted). Therefore, a complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

### III. DISCUSSION

Defendants urge that Count II of Plaintiff's Complaint fails to state a claim for abuse of process against them. Under Illinois law, the claim of abuse of process has two elements: (1) an act was done using the legal process that was not proper in the regular prosecution of such proceedings; and (2) the party doing the act had an ulterior motive or purpose. Defendants Barrister and Siller contend that the Complaint fails to allege sufficient facts to state the elements of the abuse of process claim.

These Defendants misapprehend the difference between requirements for pleading in federal court and state court. In Illinois state court, pleadings are required to allege sufficient facts to state all the elements of the claim. <u>See, e.g.</u>, <u>Neurosurgery & Spine Surgery, S.C. v. Goldman</u>, 790 N.E.2d 925, 929 (Ill. App. Ct. 2003) ("Illinois is a fact-pleading jurisdiction..."). In federal court, pleadings are adjudged under the very liberal notice pleading standard established in Rule 8 of the Federal Rules of Civil Procedure.

Under this standard, it is clear that Count II of Plaintiff's Complaint contains sufficient allegations to support a cause of action for abuse of process. Illinois law clearly holds that "a civil cause of action for abuse of process may be maintained for falsification of an affidavit of service by a private person." <u>Parks v. Neuf</u>, 578 N.E.2d 282, 285 (Ill. App. Ct. 1991). The Complaint alleges that Defendant Siller, in the course of his employment for Defendant Barrister, swore to a false affidavit that he knew was false. (Comp. ¶¶ 9, 18.) The Complaint also alleges that this action was malicious. (Comp. ¶20.) Defendants urge that Count II must be dismissed

because it fails to allege specifically what Siller's ulterior motive was in falsifying the affidavit. In federal court, the Plaintiff is not required to allege those facts in the Complaint.

Defendants also argue that Count II must be dismissed against Defendant Barrister because the Complaint does not allege that Siller had actual or implied authority to take the actions and bind Barrister.[1] This argument goes to the merits of the case against Defendant Barrister and is therefore improper on a motion to dismiss. Barrister will be free to argue that it is not liable for Siller's actions because Siller was acting outside the scope of the agency relationship it had with him, but such arguments are not appropriate at this stage of the proceedings.

Defendants' Motion additionally argues that Plaintiffs' prayer for punitive damages and attorneys fees should be stricken because the allegations are not sufficient to justify a punitive damages award. Defendant rightly points out that "the purpose of punitive damages is to punish wrongdoers and to deter others from committing similar acts in the future." (Def. Mot. Dismiss, at 6.) At this stage, the Complaint alleges that these Defendants knowingly and maliciously swore out a false affidavit in connection with a state law action. Such behavior, if proven, could support an award of punitive damages.

---

[1] This position taken in the Defendants' Motion raises the very real possibility of a conflict between Siller's legal interests and Barrister's legal interests. At this stage, Siller and Barrister are represented by the same attorneys. To the extent that their legal interests diverge, they should consider seriously whether they can continue to be represented by the same counsel in this case.

## CONCLUSION

For the reasons set forth above, Defendant's Motion is denied in its entirety.

Enter:

_____
David H. Coar
United States District Judge

Date: June 1, 2004